UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
EDWARD FORBES and MATTHEW FORBES,  )
minors, by JENNIFER FORBES, as     )   2:07-cv-00821-GEB-DAD
their Guardian Ad Litem,           )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )   ORDER
                                   )
AUBURN RACQUET CLUB, INC.; MORRIS  )
J. DRIMMER; and AUBURN RAQUET CLUB )
LIMITED PARTNERSHIP,               )
                                   )
          Defendants.              )
                                   )
```

On July 22, 2008, Plaintiffs Edward and Matthew Forbes, by their *Guardian Ad Litem*, Jennifer Forbes, filed a motion for approval of a partial settlement agreement between the parties that resolves all injunctive relief claims. Defendants filed a non-opposition statement to Plaintiffs' motion. The parties' resolution of the injunctive relief claims culminated in what the parties characterize as a consent decree. The motion was heard on September 8, 2008.

What the parties characterize as a consent decree is a settlement contract over which Plaintiffs seek to have the Court continue exercising jurisdiction. The parties state they have reached a "full, complete, and final disposition and settlement of Plaintiffs' claims against Defendants for injunctive relief that have . . . been alleged in the [] Complaint," (Pl. Consent Decree

1

and Proposed Order ¶ 6.)

> "A consent decree has elements of both judgment and contract, a dual character that "result[s] in different treatment for different purposes . . . it is an agreement the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees. The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of their case in the court entering the order.

Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 280 (4th Cir. 2002) (internal citations and quotation marks omitted). Since the court's sanction and contempt power undergird a consent decree, "[the] terms [of a consent decree] require more careful scrutiny" to ensure that a consent decree is necessary. Id. The injunctive relief provisions of the parties' proposed consent decree reach into the future and require the Court to continue exercising jurisdiction over their proposed consent decree. However, "the mere fact that the parties agree that the court should exercise jurisdiction [over their settlement agreement] is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996).

Notwithstanding the parties' stipulation that federal jurisdiction be exercised over their settlement agreement, since "[f]ederal courts are courts of limited jurisdiction" the court itself determines whether ancillary jurisdiction should be exercised as the parties desire. Peacock v. Thomas, 516 U.S. 349, 377 (1996). Further, settlement agreements are contracts, and the "automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business" in every federal action in which a settlement agreement is entered. Kokkonen v. Guardian

2

1  Life Ins. Co. Of Am., 511 U.S. 375, 381 (1994).  In addition, when
2  a court decides whether to issue injunctive relief, it ascertains
3  whether "[t]he requirements for the issuance of [an] injunction
4  [have been met:] the likelihood of substantial and immediate
5  irreparable injury and the inadequacy of remedies at law."
6  Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th
7  Cir. 1996) (citation and quotation marks omitted).
8         The parties have not shown that a consent decree or other
9  injunctive relief is necessary for assurance that Plaintiffs will
10 realize the benefits of their contractual agreement with
11 Defendants.  The parties state in their agreement that "Defendants
12 represent and [P]laintiffs agree that many of [the] changes [in the
13 parties' agreement] have already been made."  (Exh. A at 1.)
14 Although it is unclear what work remains, there has been no showing
15 that an injunction or other exercise of federal jurisdiction is
16 needed to ensure that the remaining contractual work be completed
17 and that Plaintiffs receive other benefits of their settlement with
18 Defendants.
19         In light of the parties' position at the September 8
20 hearing that they have settled all injunctive relief claims, and
21 since sufficient reason has not been provided for the federal court
22 to exercise jurisdiction over the parties' settlement agreement,
23 the parties' request for entry of a consent decree is rejected.
24 However, the parties' settlement agreement is otherwise approved as
25 their contract resolving the injunctive relief claims.
26         Since the Americans with Disabilities Act ("ADA") federal
27 question has been resolved through the parties' settlement
28 agreement, and the federal court is not assuming jurisdiction over

that settlement agreement, the issue is reached whether supplemental jurisdiction should continue being exercised over Plaintiffs' remaining state claims.  Plaintiffs' damage claims under California law include, but are not limited to, statutory damages, general damages, treble damages and prejudgment interest. The Court has not invested time analyzing Plaintiffs' state damage claims and recognizes that  "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

>  Section 1367(c)(3) provides that the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction . . .[T]he [Supreme Court has] stated that if the federal claims are dismissed before trial[,] the state claims should be dismissed as well [because] the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims. These factors include economy, convenience, fairness, and comity.

<u>Imagineering, Inc. v. Kiewit Pacific Co.</u>, 976 F.2d 1303, 1309 (9th Cir. 1992)(internal citations and quotation marks omitted).

Here the parties' desire a reprieve from the litigation of state claims, so that they can continue trying to settle those claims.  On September 26, 2008, the parties filed a joint stipulation and proposed order in which they seek "to remove undue pressure from the settlement negotiations" by amending the Scheduling Order and extending the time for discovery completion to November 29, 2008 and postponing the last hearing date for motions

1 | to January 2, 2009.  (Stipulation and Proposed Order to Continue
2 | Dates at 2:24-25.)
3 |       However, the parties' requested modifications would
4 | necessitate changing the scheduled law and motion, the final pre-
5 | trial conference and trial dates.  Rather, than rescheduling the
6 | parties litigation in federal court, the parties remaining state
7 | claims should be tried in state court.  While litigation in state
8 | court could possibly result in some delay in the trial of the
9 | action (if the parties are unsuccessful in convincing the state
10 | court that the action should be tried at the time the parties
11 | desire trial to commence), the parties have not shown that whatever
12 | delay may be caused by trying the case in state court would be
13 | lengthy and is not desired in light of the parties' request to be
14 | relieved from the pressures of the current federal court schedule.
15 | Accordingly, the Court declines to continue exercising jurisdiction
16 | over Plaintiffs' remaining state claims under 28 U.S.C.
17 | § 1367(c)(3); and, therefore those claims are dismissed under 28
18 | U.S.C. § 1367.

Dated:  October 1, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge